524 So.2d 826 (1988)
Marlin MAXWELL, Plaintiff-Appellant,
v.
Hyson SWAIN, Defendant-Appellee.
No. 86-1101.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Baggett, McCall, Robert McCall, Lake Charles, for plaintiff-appellant.
McGlinchey, Stafford, David L. Barnett, New Orleans, for defendant-appellee.
Before DOMENGEAUX, J., and FORET and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff, Marlin Maxwell, appeals a judgment dismissing with prejudice his Jones Act claim against his former employer, defendant, Hyson Swain, because of improper venue. The sole issue presented for our review is whether or not the trial court erred in dismissing plaintiff's suit "with prejudice" due to defendant's failure to file in a court of proper venue.

FACTS
Plaintiff, Marlin Maxwell sued his former employer, defendant Hyson Swain, for alleged injuries he sustained while employed aboard Swain's fishing vessel. Basing recovery under the Jones Act, 46 U.S.C. § 688, the suit was originally filed simultaneously in the 38th Judicial District Court, Parish of Cameron, and in the Federal District Court for the Eastern District of Texas. The Federal District Court suit in Texas was subsequently dismissed for failure to serve the defendant within 120 days of filing of the suit. In the Louisiana State Court proceeding, defendant was served with process in Avoyelles Parish on December 28, 1985.
After being served with process, defendant filed the declinatory exceptions of improper venue and lack of personal jurisdiction and the peremptory exception of prescription. Counsel for plaintiff conceded that venue was improper and, through telephone conference informed the district court judge that he would not oppose the exception of venue. Soon thereafter, plaintiff's suit was refiled in Federal District Court in Alexandria, Louisiana.
The court minutes and the wording of the judgment reflect that the trial judge sustained the defendant's exception of improper venue and dismissed the case. Notably, the trial judge did not rule on any other exception urged by defendant. However, the actual judgment, drafted and submitted by the defense counsel, stated that the case was dismissed "with prejudice". Counsel for the plaintiff admits that he failed to notice the additional wording of "with prejudice" until after the time delays for motioning for a new trial had passed. Hence, plaintiff is now appealing the judgment and claims the court erred in dismissing the suit "with prejudice" as this would be a final disposition and would constitute res judicata on the merits of his now pending suit in Federal Court.

*827 DISMISSAL WITH PREJUDICE
Initially, plaintiff argues that the trial court was unaware that the judgment contained the words "with prejudice" and never intended the dismissal to be a final disposition on the merits. Alternatively, plaintiff argues that a dismissal may not be with prejudice when it is based on the declinatory exception of improper venue. Defendant contends that the trial court knew the judgment of dismissal was "with prejudice" and that the court acted properly in dismissing this suit with prejudice because plaintiff's claim had prescribed.
The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary. Roy v. Edmonson, 221 So.2d 583 (La.App. 4th Cir.1969). As no evidence in the record indicates that the trial judge was unaware that the words "with prejudice" were in the judgment, this court must conclude that the trial judge was aware of these additional words and intended to include them in the judgment.
The judgment of dismissal clearly states that the trial court sustained defendant's declinatory exception of improper venue. There is no evidence indicating that the trial court sustained, or even considered the merits of defendant's peremptory exception of prescription. Hence, defendant's claim that the trial court properly dismissed the suit "with prejudice" because plaintiff's claim had prescribed is incorrect since neither the record nor the words of the judgment indicate that the judge ruled on defendant's exception of prescription.
Therefore, we must determine whether or not a case may be dismissed "with prejudice" when the dismissal is based on the declinatory exception of improper venue.
La.C.C.P. art. 121 provides that:
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. (Emphasis added).
Therefore, the Code allows for an action to be dismissed when filed in a court of improper venue, but it does not require this dismissal to be "without prejudice".
La.C.C.P. art. 1673 provides in pertinent part:
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. (Emphasis added).
La.C.C.P. art. 1841 provides:
A judgment that determines the merits in whole or in part is a final judgment.
Hence, a reading of these two articles together illustrates that a dismissal with prejudice constitutes a final judgment that defeats the action on the merits, in whole or in part.
In this case, the dismissal with prejudice was based on the declinatory exception of improper venue. The function of the declinatory exception is to decline the jurisdiction of the court; it does not defeat the action. La.C.C.P. art. 923. As a dismissal with prejudice would defeat the action on the merits, a dismissal with prejudice based on the declinatory exception of improper venue would be inconsistent with the underlying rationale of the declinatory exception since such an exception should not defeat the action. Hence, in the absence of agreement by all the parties, we conclude that, as a matter of law, a suit filed in an improper venue may not be dismissed "with prejudice". Such a suit may only be dismissed without prejudice or transferred to a court of proper venue. Therefore, in this case the trial judge erred in dismissing plaintiff's case with prejudice when it was based on the declinatory exception of improper venue.
For the foregoing reasons, we reverse the judgment of the trial court and remand the case to the district court to correct the judgment in accordance with the views expressed herein.
Costs on appeal are assessed to appellee.
REVERSED AND REMANDED.