597 So.2d 1267 (1992)
Frederick SMITH, Plaintiff-Appellee,
v.
Joseph LEWIS, Defendant-Appellant.
No. 90-1216.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
D. Randy Wagly, Opelousas, for plaintiff-appellee.
Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Jeigh L. Stipe, Opelousas, for defendant-appellant.
Before STOKER and YELVERTON, JJ., and CULPEPPER[*], J. Pro Tem.
STOKER, Judge.
This appeal involves a default judgment. The default judgment arose out of a claim for damages incurred in an automobile collision.
Frederick Smith filed suit against Joseph Lewis for damages arising out of a collision. Mr. Smith filed a motion for a preliminary default judgment on December 11, 1989 which was confirmed on March 22, 1990.
Mr. Lewis filed a petition to annul the judgment which was denied. Mr. Lewis sought an appeal. As the record was being prepared for appeal, it was discovered that there was no recording of the confirmation *1268 hearing. Therefore, Mr. Lewis filed a motion to remand to the trial court. We denied that motion.
On appeal, Mr. Lewis presents the following issues for our review:
1. Whether the medical evidence submitted at the confirmation hearing was sufficient to establish a prima facie case of damages and injuries allegedly sustained by Mr. Smith.
2. Whether the trial court's award of $10,000 in general damages is excessive in light of the facts presented to the court.

Medical Evidence
In support of his claim for damages, Mr. Smith presented the sworn affidavits of his employer, physical therapist and treating physicians. Medical bills and reports were attached to the affidavits of the physical therapist and physicians. The physical therapist and physicians did not testify at the hearing.
LSA-C.C.P. art. 1702(D) provides:
"When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony." (Emphasis added).
Mr. Lewis contends that the medical evidence was insufficient to establish a prima facie case of damages since the narrative reports submitted by Mr. Smith were not sworn narrative reports. Therefore, these reports cannot be considered as proof of damages.
We disagree. The affidavits incorporate by reference the medical bills and reports. Accordingly, the narrative reports are "sworn narrative reports" and suffice to establish a prima facie case of damages.

Damages
The trial court awarded Mr. Smith $2,807.65 in medical expenses, $2,405 in loss of income, and $10,000 in general damages for a total award of $15,212.65. Mr. Lewis contends that the general damages award is excessive under the facts of this case.
LSA-C.C. art. 2324.1 provides:
"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first to the individual circumstances of the case. Reck v. Stevens, 373 So.2d 498 (La.1979). In the case before us, there was no recording of the confirmation hearing on the default judgment. Accordingly, we are unable to fully consider the particular effects of these particular injuries on this particular plaintiff.
However, the record contains the affidavit of Mr. Smith's employer which states that Mr. Smith missed thirty-seven weeks of employment because he was under doctors' care as a result of the accident.
The accident occurred on January 10, 1989. Dr. Emile Ventre examined Mr. Smith on January 24, 1989 and diagnosed him as having a contusion to the cervical spine and right shoulder as well as headaches. Dr. Ventre continued to treat Mr. Smith through September 25, 1989.
During this period of treatment with Dr. Ventre, Mr. Smith was evaluated by Dr. Frederick Lionel Mayer. Dr. Mayer examined Mr. Smith on April 10, 1989 and determined that Mr. Smith had a full range of motion in his cervical spine and shoulder. Dr. Mayer reported diffuse tenderness on palpitation and compression over the entire right scapula as well as popping or snapping in the right shoulder. However, Dr. Mayer explained that popping or snapping in the shoulder may be precipitated by trauma or a benign tumor. Dr. Mayer recommended physical therapy and a discontinuance of the analgesics which Mr. Smith had been taking.
Dr. Mayer examined Mr. Smith again on August 21, 1989. Mr. Smith explained that he had been feeling fine until he experienced a sudden pain over his right shoulder blade. Dr. Mayer again found a full active range of motion of the cervical spine and no tenderness present on palpitation in the cervical or shoulder areas. There was a *1269 localized area of tenderness in the medial trapezius overlying the medial one-half of the spine of the right scapula. In Dr. Mayer's opinion, Mr. Smith had residual myofascial scar tissue in the trapezius overlying the right scapula. Dr. Mayer did not know the etiology of this recent onset of pain.
Mr. Smith saw Donald Fitzgerald, a physical therapist, from April 14, 1989 through May 30, 1989. His treatments included moist heat, cold packs, ultrasound, cortisone applications and "spray and stretches". Mr. Fitzgerald's report of May 31, 1989 states that at that time Mr. Smith had done extremely well in recovering from his injuries and was able to function independently.
Our limited review function is made even more limited in this case because of the restricted nature of the evidence. Because judgment was taken by default, and there is no recording of any testimony which may have been taken, we can look only to medical reports of Dr. Mayer and that of the physical therapist. On its face the award of $10,000 general damages would appear to be on the high side. Great discretion is given to the trier of fact in any case with respect to evaluation of such damages. In this case, we also consider the principle that, in the absence of record evidence, the trier of fact's conclusions are presumed to be properly supported by evidence. Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976).
Under these circumstances, we are unable to say that the trial court abused its much discretion.

DISPOSITION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed against Mr. Lewis.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.