664 So.2d 622 (1995)
Ester BRIMER, Plaintiff-Appellant,
v.
Troy BRIMER, Defendant-Appellee.
No. 95-592.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Nina Carol Coleman, for Ester Brimer.
Stephen D. Huffman, for Troy Brimer.
Before YELVERTON, DECUIR and PETERS, JJ.
*623 DECUIR, Judge.
Ester Brimer appeals two judgments of the trial court rendered October 17, 1994, one denying Mrs. Brimer's motion for appointment of expert and to amend detailed descriptive list, and the other decreeing the value of community assets to be $2500.00 and ordering that Troy Lee Brimer pay one-half of that amount to Mrs. Brimer. Mrs. Brimer contends that the trial court erred: (1) in finding that the former marital home of the parties is the separate property of Troy Brimer; (2) in fixing the value of the community assets without an evidentiary hearing; and (3) in denying her motion to have an expert appointed and to amend her detailed descriptive list. We affirm.
The record reflects that Troy Brimer filed a petition to partition the community property along with a sworn detailed descriptive list of community property on April 6, 1993. The descriptive list contained only one item of community property valued at $2500.00, i.e. additions of front and back porches to the house. Mr. Brimer contends the house is his separate property, built on separate property and purchased with separate funds prior to the marriage. Attached to the descriptive list was a copy of the deed evidencing the transfer of the property to Troy Brimer prior to his marriage to appellant. Mrs. Brimer concedes in brief that the home in question was built during her marriage to Mr. Brimer with "separate funds" that Mr. Brimer received from his insurance company when his "separate home" was destroyed by fire.
An order was issued directing Mrs. Brimer to file a descriptive list, or in the alternative, traverse or concur in Mr. Brimer's detailed descriptive list by July 6, 1993. Ester Brimer filed a motion to traverse the descriptive list on July 2, 1993, contending that the marital home is community property since it was rebuilt during the existence of the matrimonial regime and that the fair market value of the additions to the home are undervalued. Mrs. Brimer concurred in the remainder of the descriptive list and did not attempt to amend the descriptive list until a year later on July 27, 1994.
A hearing on the traversal was held on August 16, 1993, and judgment was rendered on August 18, 1993, decreeing the house situated on the separate property of Troy Brimer as set forth in the sworn detailed descriptive list to be the separate property of Troy Brimer. The judgment also decreed the fair market value of the additions to the home to be $2500.00 and the one-half community interest of Mrs. Brimer to be $1250.00. There is no record of this hearing.
Mrs. Brimer filed a motion for new trial arguing that the judgment rendered on August 18, 1993, was contrary to the law pursuant to La.Civ.Code art. 2338 defining community property. After a hearing on the motion for new trial, the court found no new argument was asserted to support vacating its prior judgment and denied Mrs. Brimer's motion for new trial. The second basis for Ester Brimer's motion for new trial was that the valuation of the additions to the home was not made in accordance with and as mandated by La.R.S. 9:2801(2).
Addressing Mrs. Brimer's first assignment of error, since no record exists of the hearing on that issue, we must assume that the trial court was correct in declaring the house to be Mr. Brimer's separate property. In the absence of record evidence, the trier of fact's conclusions are presumed to be properly supported by evidence. Smith v. Lewis, 597 So.2d 1267 (La.App. 3 Cir.1992) citing Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary. Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988). As there is no evidence to indicate that the home is community property, this court must conclude that the trial court did not err in finding that the home is the separate property of appellee, Troy Brimer.
We next address Mrs. Brimer's contention that the trial court erred in fixing the value of the community assets without an evidentiary hearing. Subsequent to the denial of Mrs. Brimer's motion for new trial, Mr. Brimer filed a petition to determine the value of the community assets in accord with La.R.S. 9:2801 on July 16, 1994. Mrs. Brimer thereafter filed a motion to have an expert *624 appointed and to amend the descriptive list. A trial on the merits to determine the value of the assets of the community and a hearing on Mrs. Brimer's motion to appoint an expert and to amend the detailed descriptive list were held on August 9, 1994. On October 17, 1994, the trial court again fixed the value of the community assets at $2500.00 and ordered Mr. Brimer to pay $1250.00 to Mrs. Brimer and further denied Mrs. Brimer's motion for the appointment of an expert and to amend detailed descriptive list. A transcript of the hearing contained in the record is devoid of any evidence contrary to the trial judge's finding as to valuation of the community assets. We note that the record does not reflect that appellant was denied an opportunity to present evidence, nor did appellant either make an offer or a proffer of evidence on this issue. Therefore, again we must presume the findings of the trial court to be correct. Maxwell, 524 So.2d 826.
Finally, we address appellant's two-prong third assignment of error. First, La.R.S. 9:2801(3) does not mandate that the court appoint an expert to assist it in the settlement and partition of community property but states that the court "may" do so. Appellant concedes this, and does not argue in brief that the trial court abused its discretion in failing to appoint an expert, but contends only that an appraisal is needed before an accurate determination can be made on the value of any community property. We disagree and find no abuse of the trial court's discretion in this regard, especially in light of the value of the property at issue.
Secondly, we address appellant's argument that the trial court erred in denying her motion to amend the detailed descriptive list. We note that Mrs. Brimer, by her motion to amend, attempts to assert a claim for reimbursement for an alleged increase in the value of Mr. Brimer's separate property as a result of Mrs. Brimer's uncompensated labor and industry pursuant to La.Civ.Code art. 2368. The trial court correctly recognized that a motion to amend the descriptive list was not the proper procedural device for a claim for reimbursement. The trial court stated: "If there's something additional that needs to be brought to the Court's attention, well, obviously you could go through whatever permissible device you want to use." Additionally, although La.R.S. 9:2801(1)(b) provides that amendments to the descriptive lists shall be permitted, La.R.S. 9:2801(1)(a) provides:
(1)(a) Within ninety days of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list.
(Emphasis added.)
Appellant never filed a descriptive list, nor did she request an extension of time in which to file a detailed descriptive list. Based on our reading of the above statute and for the reason that the wrong procedural vehicle was employed for appellant's claim for reimbursement, we cannot say that the trial court erred in denying Mrs. Brimer's motion to amend the detailed descriptive list.
Costs of this appeal are assessed to appellant.
AFFIRMED.