JiDECUIR, Judge.
T.L. James & Company, Inc. appeals the judgment of the Office of Worker’s Compensation awarding Herman Lucas permanent total disability benefits from January 16, 1992, and penalties and attorney’s fees. The judgment also awarded defendant offsets for social security disability and retirement benefits. Plaintiff answered the appeal requesting attorney’s fees in connection with this appeal.
Appellant sets forth several assignments of error which are combined and summarized as follows: the hearing officer erred: (1) in reinstating plaintiffs claim after failure to reinstate proceedings within the time ordered; (2) in finding plaintiff totally disabled “due to disabling pain” and in failing to apply the proper burden of proof for a determination of permanent total disability, specifically finding plaintiff disabled because defendant failed to identify a specific job or jobs plaintiff could perform; (3) in fading to find that the plaintiff had retired and in failing to allow termination of benefits after payment of 104 weeks of compensation to a retired worker; (4) in awarding penalties and attorney’s fees; and (5) in fading to grant a credit for weekly benefits paid from January 16, 1992, through October 7, 1993.
It is undisputed that Mr. Lucas sustained work-related injuries to his neck and back on July 10,1990, whde employed by appellant as a heavy equipment operator. Temporary total disability ^benefits were paid at the rate of $256.57 until October 7, 1993, based on an average weekly wage of $384.85. Classification of plaintiffs benefits was changed to supplemental earnings benefits on January 16,1992, although the dodar amount of benefits remained the same. T.L. James contends benefits were terminated on October 7, 1993, for the reasons that plaintiff had retired, and having received at least 104 weeks of benefits, was no longer entitled to compensation benefits.
Addressing appellant’s first assignment of error, the record reflects that on March 29, 1994, the hearing officer dismissed, without prejudice, plaintiffs claim for failure to prosecute subject to reinstatement within thirty days for good cause shown. On June 13, 1994, the hearing officer both dismissed plaintiffs claim with prejudice and signed an order reinstating the claim upon a finding of good cause shown. A hearing was subsequently held on the issue of dismissal and reinstatement; however, no record exists of the hearing on that issue. Therefore, we must presume the hearing officer was correct in reinstating plaintiffs claim. See Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988); Smith v. Lewis, 597 So.2d 1267 (La.App. 3 Cir.1992) citing Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976).
As to appellant’s second assignment of error, we are mindful that in reasons for judgment the hearing officer states “the evidence is clear that plaintiff was at that time and remains unable to return to his former employment due to disabling pain” and that the hearing officer found no showing that other work was or is available which plaintiff can perform. However, a complete review of the hearing officer’s written reasons reveals that she recognized and applied the proper burden of proof for permanent total disability as set forth in La.R.S. 23:1221(2)(c). The hearing officer found that “plaintiff was totally disabled from engaging in any employment or self-employment on January 16, 1992, and continuing thereafter, as proven by *597 clear and convincing evidence, unaided by any presumption of disability.” Based upon our review, the record supports such a finding, and we find no manifest error on the part of the hearing officer in this regard. See Alexander v. Pellerin Marble & Granite, 93—1698 (La. 1/14/94); 630 So.2d 706.
The appellant cites cases to support the proposition that working in pain no longer provides a basis for an award of TPD, or stated another way, that a claimant is not entitled to TPD where he has not shown he is unable to do any work, including employment while working in pain. We find that the record evidence supports a finding that plaintiff is physically incapable of performing any 13empIoyment, including while working in pain. Mr. Lucas testified at the trial that he cannot turn his head, nor can he raise his head or look up. Mr. Lucas can stand, walk and drive for only very limited periods. His symptoms are made worse by even the slightest physical activity. He was unable to continue with physical therapy because it worsened his condition. Mr. Lucas has a sixth-grade education and can read and write very little. Mrs. Lucas corroborated this testimony at trial. Furthermore, the medical evidence is clear and convincing. It is Dr. Phillip Osborne’s opinion that considering plaintiffs progressing cervical spondylosis and spondylolisthesis, previous back surgery, progressive arthritic change, and plaintiffs age, it would be somewhat difficult to get plaintiff back in the work force. Dr. Osborne indicates that plaintiff is “probably not going to function well in the work place.” Dr. Richard Calloway, a vocational rehabilitation counselor, is of the opinion that plaintiffs transferable skills are all related to heavy equipment operation and moving of machinery. He opined that Mr. Lucas could not be expected to engage in any jobs that would exist in sufficient number in the local, regional, or national economy and that plaintiff is not a good candidate for rehabilitation. Defendant’s expert, Paul Melancon, rehabilitation consultant, testified on cross-examination that he does not dispute Dr. Osborne’s statements, and he agreed that based upon Dr. G.J. Leglue’s opinion, plaintiffs employment potential is poor. Mr. Melancon did not factor Dr. Leglue’s findings in his voea-tional evaluation of the plaintiff. Dr. Leglue is the medical director of physical medicine and rehabilitation at St. Frances Cabrini Hospital. Because plaintiff is physically incapable of performing any employment, we find he is entitled to TPD benefits.
Appellant by its third assignment of error assumes that plaintiff is not entitled to TPD and is only entitled to SEB. Because we find no manifest error in the hearing officer’s finding of TPD, this issue is moot.
As to appellant’s contention that the hearing officer erred in awarding penalties and attorney’s fees, we find no error. The hearing officer found that the appellant was arbitrary and capricious in reclassifying benefits to SEB and in terminating benefits on October 7, 1993. Based upon the medical information available to appellant from Dr. Lawrence Drerup, neurosurgeon, and Dr. Leglue, plaintiff was unable to return to any significant employment at the time benefits were reclassified. The hearing officer found that appellant made no attempt to investigate the true nature |4of plaintiffs medical condition, whether he was able to work and in what capacity, but reclassified benefits to SEB based upon plaintiffs age and its intent to terminate benefits after 104 weeks. An insurer may not proceed with an attitude of indifference to an injured worker’s situation. Stegall v. J & J Exterminating, 94—1279 (La.App. 3 Cir. 3/1/95); 651 So.2d 400, citing Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3 Cir.1984), writs denied, 463 So.2d 604, 605 (La.1985). We find no manifest error in the hearing officer’s findings of fact and determination to award penalties and attorney’s fees. See Stegall, 651 So.2d 400.
Finally, appellant contends the hearing officer erred in failing to grant a credit for benefits paid from January 16,1992, through October 7, 1993. Plaintiff concedes that to the extent the judgment does not recognize that appellant is entitled to credit for all sums previously paid, he does not oppose a modification of that judgment insofar as the credit is concerned. This failure on the part of the hearing officer was apparently an oversight, and the judgment is hereby *598 amended to reflect that appellant is entitled to a credit for weekly benefits paid from January 16, 1992, through October 7, 1993.
Plaintiff has requested attorney’s fees in connection with this appeal. Attorney’s fees are hereby awarded to plaintiff in the amount of $2,500.00. Costs of appeal are assessed to defendant-appellant.
AFFIRMED IN PART; AMENDED IN PART; RENDERED IN PART.