JiDECUIR, Judge.
The State of Louisiana appeals the judgment of the trial court denying its motion for an increase in child support and for medical insurance. The state alleged in its motion filed on May 6,1994, that since the amount of child support for one minor child was originally fixed at $225 per month by consent judgment of February 22,1991, the expenses for education, food, and lodging for the minor child substantially increased and the child’s father, defendant Mark Domingue, has had a substantial increase in income.
A hearing officer conference on modification of support was held on June 29, 1994, and a recommendation made that Mr. Do-mingue be ordered to pay child support in the amount of $412.61 per month. The hearing officer set July 8, 1994, as the deadline for defendant to file an exception to the recommendation. Defendant filed a brief in opposition to the state’s motion on July 7, 1994. A hearing on the rule to increase child *153 support was subsequently heard before the trial court. The trial court hfound there was not a change in circumstances meriting an increase in child support and denied the state’s motion.
The state sets forth the following assignments of error: (1) the hearing officer erred in allowing defendant nine days to file an exception to its recommendation; (2) the trial judge erred in failing to apply La.R.S. 9:311 C; (3) the trial judge erred in relying upon La.R.S. 9:315.11 as a basis for his finding of no change in circumstances; (4) the trial judge erred in failing to consider the request for an increase in child support as a request for review of a stipulation previously entered into between the parties pursuant to La.R.S. 9:315.1 D; (5) the trial judge erred in not considering the request for increase in child support as an initial application of the guidelines, since the record did not contain the documentation set forth in La.R.S. 9:315.2 A; and (6) the trial judge erred in determining the needs of the child had decreased. We affirm.
By its first assignment of error, the state contends the hearing officer erred in allowing the defendant nine. days within which to file an exception to its recommendation. The defendant filed his opposition within the delays set by the hearing officer. The record reveals the state made no objection at the time the hearing officer fixed the deadline for the filing of an exception. The defendant relied upon the hearing officer’s order, and the trial court chose to hear this matter with no objection from the state. Furthermore, pursuant to La.R.S. 46:236.5 C(4)(k), the hearing officer has authority to issue those orders deemed necessary to the performance of the duties of his or her office. La.R.S. 46:236.5 C(6) provides that any party, within the time and manner established by court rule, may file an exception to the findings of the hearing officer. The state cites a local rule of the Fifteenth Judicial District Court in support of its argument that the hearing officer is |gnot permitted to extend the time for filing an exception to the hearing officer’s recommendations. Contrary to the state’s contention, we do not construe the local court rule as containing any prohibition to the hearing officer granting an extension of time within which to file an exception to the hearing officer’s recommendations. This assignment of error is without merit.
In addressing the state’s remaining assignments of error, we note that there is no record of the proceedings before the trial court and no evidence in the record to review the trial judge’s finding of no change in circumstances sufficient to merit an increase in child support. Therefore, we must presume the trial judge was correct in his ruling. See Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988); Smith v. Lewis, 597 So.2d 1267, 1269 (La.App. 3 Cir.1992) citing Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). Furthermore, from our reading of the trial judge’s reasons for judgment, it appears he was cognizant of La.R.S. 9:311, et seq. and we cannot say that he deviated or misapplied the law in this case since there is no record evidence of these proceedings to make such a determination.
Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.