JiSAUNDERS, Judge.
This suit arose from an automobile accident. The trial court found liability on the part of defendants who appeal, alleging manifest error. Plaintiffs answer defendants’ appeal seeking additional damages. Except to raise the damages awarded one of the two plaintiffs, Mr. Dubroc, we affirm the trial court’s judgment.
I ¿FACTS
On May 25, 1994, Mr. Dudley Dubroc was giving co-plaintiff, Ambrose Lemoine, a ride home when they were involved in a two car accident at approximately 8:30 p.m. in Mor-eauville, Louisiana. The accident occurred when the automobile following Dubroc’s truck and driven by Ms. Enola Dupar, defendant herein, collided with Dubroc’s vehicle as Dubroc attempted to turn right from La. Hwy. 114 East onto Carol Street, where Am-brose Lemoine lived.
The sole question before the trial court was causation: who between Dubroc and Du-par bore responsibility for the accident?[1]
According to defendant, Dubroc did not turn his right blinker on and was in the left (oncoming) lane of the two lane highway when he attempted to make his right turn. These assertions were refuted by plaintiffs. According to Dubroc and his passenger, Du-broc’s vehicle did have its blinker on for some time before arriving at the intersection and was in the proper lane. As to Dupar’s first theory, plaintiffs contrast their unequivocal testimony with Ms. Dupar’s. Ms. Dupar initially testified that Dubroc did not turn his right turn signal on, then retreated to a professed inability to recall one way or the other. To rebut her second theory, plaintiffs present the uncontradicted testimony of the investigating officer, to the effect that the oncoming lane of the two way road was congested with traffic from a nearby schoolhouse.
^Plaintiffs successful theory at trial, restated presently on appeal, is that the accident occurred when defendant attempted to pass the plaintiffs’ vehicle on the right shoulder as or just before it turned.
On appeal, Ms. Dupar maintains that reversal is warranted because there is objective evidence to contradict the findings of the trial court. Dupar’s principal contention is that she could not have been on the right shoulder because tire tracks found in the ditch adjacent to the vehicles’ eastbound lane of La. Hwy. 114 started in the vicinity of the point of impact, or at least not far before it.
We are unable to accept defendant’s position. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989), citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Here, at best, the evidence suggests that the finder of fact could have found liability on either party. Under the circumstances, we cannot say that it erred in accepting plaintiffs’ version of events over the defendant’s version.
The only disinterested witness to testify as to the lay of the land was Moreauville Chief of Police, Scott Lemoine. His testimony corroborated plaintiffs’ version of events. Chief Lemoine, unrelated to the parties involved in this proceeding, was of the impression that Dupar’s vehicle failed to stop timely, then struck Mr. Dubroc’s vehicle while attempting to pass on the right side of the road; from *351 what he could observe, Dupar had either been traveling too fast or daydreaming when the accident occurred. The five-year law enforcement veteran additionally testified that plaintiffs had no reason to be in the left lane, not only because of the heavy volume of traffic coming from the direction of the local schoolhouse, but also ^because there was no place to turn left for another 300 to 400 feet beyond the scene of the accident.
Given the evidence at the accident scene and the testimony, we conclude that Dupar’s tread marks were not detected by Chief Lemoine or, more likely, that Dupar’s vehicle left no tread marks at all because she failed to apply her brakes before the accident.[2]
Turning to plaintiffs’ answers to appeal, we detect no abuse of discretion with respect to guest passenger Ambrose Lem-oine’s $7,000.00 general damages award for his persistent soft tissue neck injury.
As to Dubroc, we conclude that, considering the circumstances of his case, $8,000.00 is inadequate. Reck v. Stevens, 373 So.2d 498 (La.1979). Mr. Dubroc, continued to suffer from soft tissue injuries from the accident one year after the accident and suffered three fractured teeth from the accident. According to Dr. Robert Johnson, an expert in general dentistry, Dubroc’s dental injuries would cause the nerve in the affected teeth to become “nonviable” within two to three years of the accident, requiring root canals, placement of steel stabilizer posts, and porcelain crowns on each of the three teeth. According to Dr. Johnson, the total cost of these procedures will be $2,700.00.
Taking into account the heightened value to Dubroc of these three teeth in view of the ten or so others he had lost previously and the predicable pain he will be required to endure, we conclude that Dubroc is entitled to $25,000.00 general damages, plus $2,700.00 in future dental specials.[3]
| gAccordingly, the judgment of the trial court is amended in part.

DECREE

For the foregoing reasons, the trial court’s award of damages to plaintiff, Dudley Du-broc, are increased to $27,700.00 general damages, plus interest. In all other respects, the judgment of the trial court is affirmed, at defendants’ costs.
AFFIRMED AS AMENDED AND RENDERED.

. It was undisputed at trial that the front left comer of Dupar’s vehicle struck the right front portion of the plaintiffs’ vehicle. There was also no question that Dupar’s vehicle was directly behind Mr. Dubroc’s vehicle when Dubroc decided to turn right, or that the accident occurred in a 25 mile per hour school zone.
Finally, our review of the record leaves little doubt that defendant was driving at a great rate of speed, the damages to both vehicles being too great tp suggest otherwise. After the collision, Dupar’s vehicle traveled some thirty to ninety feet before coming to a stop. An emergency crew called to the scene needed a "jaws of life” device to extract Dupar from her vehicle.

. This would explain how Dupar’s vehicle could travel so far following impact.

. This sum is particularly justified in light of Dubroc's uncontradicted testimony that his other pains had persisted through his April 24, 1995 trial. Compare, Baugh v. Redmond, 565 So.2d 953 (La.App. 2 Cir.1990) ($20,000 awarded for four root canals and other oral surgery; no other difficulties reported).