843 So.2d 1290 (2003)
Charlene STEINHOFF
v.
Cletus STEINHOFF.
No. 03-24.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
*1291 W. Allen Pesnell, Crowell and Owens, L.L.C., Alexandria, LA, for Plaintiff/Appellee: Charlene Steinhoff.
Henry H. Lemoine, Jr., Pineville, LA, for Defendant/Appellant: Cletus Steinhoff.
Court composed of NED E. DOUCET, JR., Chief Judge, JOHN D. SAUNDERS, and JIMMIE C. PETERS, Judges.
DOUCET, Chief Judge.
Defendant, Cletus Steinhoff, appeals a judgment of the trial court awarding his ex-wife, Appellee, Charlene Steinhoff, $18, 240.00, plus interest in connection with the settlement of the community of acquets and gains that existed between the parties during their marriage. We affirm the judgment of the trial court.

FACTS
The Steinhoffs were married in 1987. They separated in late 1994 and on July 6, 1995, Charlene Steinhoff filed a petition for divorce. Judgment of divorce was granted March 11, 1996. In that judgment the community of acquets and gains which had existed between the couple was terminated retroactively to July 6, 1995, the date of the filing of the petition for divorce.
During the time the Steinhoff's were married, they both worked for Dresser Industries. On or about June 1, 1994, Mr. Steinhoff was terminated by Dresser. The following facts are quoted from the Reasons For Judgment issued by the pro tempore trial judge on January 5, 2001:
Following the defendant's termination from employment on or about June 1, 1994, the defendant filed a lawsuit [177,736-F] against his employer alleging age discrimination. After trial on the merits, judgment was rendered in favor of Cletus Steinhoff and against his employer. The defendant herein was awarded the following sums:
(a) back pay in the amount of Four Hundred Two Thousand Seven Hundred Seventy-Two Dollars ($402,772.00);
(b) front pay in the amount of One Hundred Eighty-Four Thousand Four Hundred Thirty-Six Dollars ($184,436.00);
(c) damages for mental pain and suffering in the amount of One Hundred Thousand Dollars ($100,000.00);
(d) attorney's fees in the amount of Two Hundred Twenty-Nine Thousand. Sixty-Nine Dollars and Thirty-Nine Cents ($229,069.39); (e) interest on all sums from the date of judicial demand; and (f) all costs of court.
(e) interest on all sums from the date of judicial demand; and
(f) all costs of court.
The award for back pay was made retroactive to the date of employment termination, i.e., June 1, 1994.
. . . .
In conclusion, this Court finds that the plaintiff herein, Charlene Steinhoff, is entitled to an award of one-half (½) of the amount related to the community of acquets and gains that previously existed between the parties from June 1, 1994 through July 6, 1995, [399 days] with no offset for severance pay through December 31, 1994.
. . . .
[Mr. Steinhoff's earnings were] calculated based upon Defendant's Post Trial *1292 Memorandum which allocates to the defendant a yearly earning of Fifty-Two Thousand Dollars ($52,000.00) at the time of his termination. Defendant then calculates a day rate of One Hundred Forty-Four Dollars and Forty-Four Cents ($144.44) based upon his own assertion of his annual income. Plaintiffs addendum to her Post Trial Memorandum, in the form of a letter, correctly calculates the number of days for the time period of June 1, 1994 through July 6, 1995 to be Three Hundred Ninety-Nine (399). Applying Defendant's day rate to Plaintiff's computed days equates to $ 144.44 × 399 = $ 57,631.56; one half (½) of this amount, or $28,815.78, is attributable to Plaintiff, Charlene Steinhoff, as community earnings.
Following the judgment in suit 177,736-F, which formed the basis for the Reasons For Judgment issued above, Dresser appealed the judgment in that suit. During the pendency of that appeal, Dresser and Mr. Steinhoff reached a compromise settlement in which Dresser agreed to pay Mr. Steinhoff a total of $471,713.73, $100,000 of which represented damages for emotional distress and mental anguish. Because of the settlement, Mr. Steinhoff filed a motion for a new trial. The motion was granted and following a new trial the trial court issued the following Reasons for Judgment on August 7, 2002:
The Court determined there was $587,208.00 of wages that were awarded in [the pro tempore judge's] judgment. This excluded severance pay, mental anguish, attorney's fees, interest or costs. Cletus settled the case while on appeal for $471,713.73, of which $100,000.00 was emotional distress and mental anguish. The balance of 371,713.73 is payment of money for wages, for in the settlement agreement Dresser made separate payments for attorneys and acknowledged to be in addition to normal severance benefits. This represents a payment of 63.3% of the judgment amount attributable to new money for wages. This is also inclusive of interest.
The fact that the language does not set forth what is "back or front pay" does not create any greater rights to funds for Charlene. The issues of offsets for other severance payments were addressed in the first Reasons for Judgment and are adopted herein.
Charlene had been awarded $28,815.78, based upon calculations from the judgment by Judge [Mansour]. The Court applies the percentage of 63.3% towards his amount and reaches a sum due to Charlene in the amount of $18,240.00.
The original judgment granted Charlene a pro-rated amount of interest on the amount awarded to her (her portion of the wage claim), however, the settlement was a lump sum figure for all claims, and therefore by definition includes the interest payments. Accordingly, the interest portion of the judgment is amended to award judicial interest to Charlene from dates of receipt of funds pursuant to the settlement agreement. Since this was an outstanding obligation, the Court deems payment of legal interest to be due from October 18, 2000 [the date the settlement documents were executed]. All costs of these proceedings are split between the parties.
Defendant, Cletus Steinhoff, appeals alleging the trial court erred in calculating the award due to Plaintiff, Charlene Steinhoff. This argument is two-fold: (1) Cletus argues that he received his full pay, in the form of a severance package between July 1, 1994, and December 31, 1994; hence, Charlene should only receive credit for 186 days of Cletus' pay rather than 399 days as decided by the trial court; and (2) that he (Cletus) should get an off-set for *1293 Charlene's earnings during that period of time.

LAW AND DISCUSSION
The record contains neither a transcript nor a note of evidence from the original hearing on the division of the community. Likewise, the record before us contains no evidence introduced at that hearing which helps us in our determination of the matter: there is no W-2 from either party; there is nothing to explain the terms of Mr. Steinhoff's severance package; and there is nothing which establishes how many employers paid what to which Steinhoff in 1994 or 1995. Thus, we find ourselves in a position similar to our position in Miller v. Potier, 94-1000 (La.App. 3 Cir. 2/1/95); 649 So.2d 1130. Addressing the situation in Miller we stated:
Since we have no transcript of the trial our review is necessarily limited. As was stated in Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La.App. 1 Cir.), writ denied, 629 So.2d 1180 (La.1993): "The appellant has the duty to secure either a transcript of the testimony or a narrative of facts; the inadequacy of the record is imputable to the appellant." See also Preuett v. Preuett, 517 So.2d 848 (La.App. 3 Cir. 1987).
"Where, as in this case, there is no transcript, no narrative of facts by the parties or by the trial judge, the judgment of the trial court is presumed to be supported by competent evidence. Succession of Walker, [276 So.2d 372 (La.App. 2d Cir.), writ granted, 279 So.2d 691 (La.1973), affirmed, 288 So.2d 328 (La.1974) ]; Bourque v. L.C. Electro-Comm. Inc., 460 So.2d 18 (La. App. 1st Cir.1984); Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir.1985), writ denied 481 So.2d 1337 (La.1986); Gulling v. E.I. Du Pont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir.1969).
Said another way, review is limited to determining whether the trial court correctly applied the law to the facts it "found." Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986). Those facts can often be gleaned from the trial court's written reasons for judgment. When a record contains written reasons for judgment by a trial judge which reveals substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by LSA C.C.P. Art. 2131. Moity v. Guillory, 430 So.2d 1243 (La.App. 1st Cir. 1983), writ denied 437 So.2d 1148 (La. 1983); Robinson v. Jackson, 255 So.2d 846 (La.App. 2d Cir.1971), writ denied 260 La. 700, 257 So.2d 155 (1972); Paige v. Tregre, 283 So.2d 777 (La. App. 1st Cir.1973), writ not considered, 284 So.2d 335 (La.1973)."

Simmons v. Yelverton, 513 So.2d 504, 506-507 (La.App. 2 Cir.1987). Accordingly, we will limit our review to a consideration of whether the trial judge correctly applied the law to his factual findings.
Miller, 94-1000, pp. 2-3; 649 So.2d 1131-32.
Our review of the mathematical calculations reveals no errors. Mr. Steinhoff argues that allowing Mrs. Steinhoff credit for 399 days of his earnings gives her double recovery for the period of June 1 through December 31, 1994. However, without testimony and evidence to support this argument, we must assume the trial court's finding was correct.
Likewise, when we consider Mr. Steinhoff's argument that he is due credit *1294 for what Mrs. Steinhoff earned from June 1 through December 31, 1994, we find we are unable to properly consider this matter as we have neither any evidence before us establishing what Mrs. Steinhoff earned during that period nor any evidence that the trial court failed to consider, or wrongly decided this issue.
In sum, it is well settled that "[i]n the absence of record evidence, the trier of fact's conclusions are presumed to be properly supported by evidence. Smith v. Lewis, 597 So.2d 1267 (La.App. 3 Cir. 1992) citing Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary. Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988)." Brimer v. Brimer, 95-592, p. 2 (La.App. 3 Cir. 11/2/95); 664 So.2d 622, 623.
Finally, it is well settled that an appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987); Stobart, 617 So.2d 880; Rosell, 549 So.2d 840. The Louisiana Supreme Court has constantly emphasized that "[t]he reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990)).
Considering the presumption in Brimer and the well settled rules of appellate review, we find we must affirm the judgment of the trial court. Costs of this appeal are assessed against Appellant, Cletus Steinhoff.
AFFIRMED.