# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-167**


**MATTHEW A. HILLMAN**

**VERSUS**

**COREY SENECA ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2017-265
HONORABLE MICHELLE BREAUX, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED; RENDERED.**

**Adam G. Young**
**Young, Cotter & Meade, LLC**
**315 S. College Road, Suite 163**
**Lafayette, LA  70503**
**Tel. 337-261-8800**
**Fax 337-234-3133**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     Matthew Hillman

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Matthew Hillman (Plaintiff) filed suit against Corey Seneca (Defendant) and an unknown insurance company seeking damages for injuries sustained as the result of an unprovoked attack upon Plaintiff. Defendant did not file an answer to the petition. Plaintiff obtained a default judgment and confirmed the judgment after a hearing on the matter. The evidence presented at the confirmation hearing in support of Plaintiff's claims consisted of Plaintiff's testimony and the "Sworn Narrative [Statement] of Treating Dentist," Dr. Adrian M. Simms, DDS.

Plaintiff testified at the hearing giving his account of the attack and explaining his injuries. He testified he did not provoke the incident. His injuries required emergency medical treatment at Our Lady of Lourdes Hospital immediately following the attack. Plaintiff needed fifteen stitches to repair the damage to his upper lip. He visited his dentist two days after the incident, at which time he says Dr. Simms diagnosed a fracture to the backside of two of his front teeth. He made two additional visits regarding his injuries. According to this testimony, Plaintiff understood that the injury might heal on its own but only time would tell. As of the date of the hearing Plaintiff's injuries were not healed. Plaintiff explained he could not eat solid food for two months and endured "a great amount of pain and suffering or anguish because of [his] injury" and was still experiencing some level of pain as of the date of the hearing. He was unable to work his regular job as a private pilot for two months. Plaintiff testified his bill for the emergency room was $1,500 and his "out of pocket cost" for the dentist was "about $1,200."

Dr. Simms' written statement sets forth the following undisputed facts which corroborate Plaintiff's testimony:

1. Dr. Simms is a doctor of dental surgery and is a "Master of the Academy of General Dentistry."

2. He treated Plaintiff for injuries described in Plaintiff's petition beginning on January 4, 2017.

3. Plaintiff was "hit in the mouth with great force."

4. Plaintiff sustained fractures to two of his teeth referred to as "#24 and $25 [sic]."

5. Plaintiff's injuries to his teeth will require treatment at a cost of $2,590.

The trial court awarded a total of $5,394.19 in damages itemized in the judgment as follows:

Special damages, including lost wages, past medical,
    Past and future dental………………….$2,894.19

    General Damages………………………...$2,500

Plaintiff does not challenge the award of special damages but challenges the trial court's award of general damages asserting the award is abusively low.

## LEGAL ANALYSIS

Louisiana Code of Civil Procedure Article 1703 provides: "A final default judgment shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy."

> The appellate jurisdiction of courts of appeal extends to both law and facts. La. Const. art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. *Stobart v. State, Dept. of Transp. and Development,* 617 So.2d 880, 882, n. 2, (La.1993) . . .

> In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Bordelon v. Sayer,* 01–0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, *writ denied,* 02–1009 (La.6/21/02), 819 So.2d 340. This determination is a factual one governed by the manifest error standard of review. *Id.*

*Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 p. 5 (La. 5/5/09), 9 So.3d 815, 818.

Louisiana Code of Civil Procedure, Article 1702 (emphasis added) provides in pertinent part:

> A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence . . .
>
> B. (2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.
>
> . . . .
>
> D. When the demand is based upon a claim for a personal injury, *a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.*
>
> . . . .

In *Bryant v. Xtreme Machines, LLC*, 16-693 pps. 2-3 (La.App. 3 Cir. 12/14/16), 208 So.3d 911, 913–14 (emphasis added), this court set forth the standard of review and the law applicable to default judgments:

> In reviewing default judgments, appellate courts are restricted to determining the sufficiency of the evidence offered in support of judgment. Although there is a presumption that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent.... However, the trial court's conclusion concerning the evidence's sufficiency presents a factual issue which the manifest error rule governs. The manifest error standard of review obligates

appellate courts to give great deference to the trial court's findings of fact. We will not reverse factual determinations, absent a finding of manifest error. *Bordelon v. Sayer*, 01–0717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, (citations omitted), *writ denied*, 02–1009 (La. 6/21/02), 819 So.2d 340.

This court recently discussed default judgments in *Burley v. New York Life Insurance Co.*, 15–263, p. 4 (La.App. 3 Cir. 11/25/15), 179 So.3d 922, 928, where we noted:

> Louisiana Code of Civil Procedure Article 1701(A) allows a judgment of default to be entered against a defendant who fails to answer within the time prescribed by law. Confirmation of a default judgment under La.Code Civ.P. art. 1702(A) requires "proof of the demand that is sufficient to establish a prima facie case…"

In *Hall v. Folger Coffee Co.*, 02-920 pps. 12-13 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234, 1243–44, *writ denied*, 03-1756 (La. 10/17/03), 855 So.2d 762, and *writ denied*, 03-3416 (La. 6/25/04), 876 So.2d 827 (emphasis added) the fourth circuit further explained that:

> Confirming a default judgment is akin to a trial at which only the plaintiff is present. 1 Frank L. Maraist & Harry T. Lemmon, *Louisiana Civil Law Treatise:Civil Procedure* § 12.3 (1999). At such trial, the unopposed plaintiff must comply with a set of special, somewhat strict rules in proving his claim. 19 Frank L. Maraist, *Louisiana Civil Law Treatise: Evidence and Proof* § 2.9 (1999). The following special rules are pertinent to the present case.
>
> First, the plaintiff is confined to the facts and the theories pled in his petition; he may not expand his pleadings by introducing evidence at the confirmation hearing. Thus, the plaintiff is precluded from obtaining a default judgment "different in kind from that demanded in the petition." La. C.C.P. art. 1703; *see Spear v. Tran,* 96–1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267. However, the Louisiana Supreme Court has held that "the pleadings which lead up to the demand, or prayer, upon which a default judgment is based are to be construed no more restrictively than pleadings suggestive of other judgments." *Royal Furniture Co. of Baton Rouge, Inc. v. Benton,* 260 La. 527, 532, 256 So.2d 614, 616 (1972).
>
> Second, "[b]ecause at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on

4

admissible evidence" that establishes a *prima facie* case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., and Kerry Triche, *Handbook on Louisiana Evidence Law* 639 (2003 ed.). As a corollary, "[e]xcept as authorized by the Code of Civil Procedure Article 1702, or evidence that fits within one of the exceptions provided by [the Louisiana Evidence] Code, hearsay evidence is inadmissible to confirm a default." *Id*.; see La. C.E. art. 1101(A)(providing that "[e]xcept as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of fact ... in proceedings to confirm a default.")

Third, depending on the nature of the plaintiff's demand, Article 1702 sets forth several exceptions to the rule against the use of hearsay evidence at the confirmation hearing. One of those pertinent exceptions is that "[w]hen a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such [delictual] demand." La. C.C.P. art. 1702(B)(2). Another pertinent exception is that "[w]hen the demand is based upon a claim for personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony." La. C.C.P. art. 1702(D); *see Smith v. Lewis,* 597 So.2d 1267 (La.App. 3 Cir.1992)(construing this provision to mean that a treating physician's affidavit that incorporates an attached narrative report is a "sworn narrative report of the treating physician" sufficient to establish a *prima facie* case).

In reviewing the propriety of the trial court's award of general damages we recognize that we are constrained to accord great deference to the trial court's determination of general damages:

In considering whether an award of general damages is excessive or inadequate, we are guided by the decision in *Youn v. Maritime Overseas Corp.,* 623 So.2d 1257, 1261 (La.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), wherein our supreme court noted that "the discretion vested in the trier of fact is 'great,' and even vast, so that an appellate court should rarely disturb an award of general damages." Under *Youn,* "[t]he initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." *Id.* at 1260. Only after the initial inquiry is answered in the affirmative should the appellate court increase or reduce the award. *Id.* In making the initial inquiry, the reviewing court should not use "a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its

discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case." *Id.* at 1260. Such prior awards should be considered only after the reviewing court concludes that there has been an abuse of discretion. *Id.*

*Baltazar v. Wolinski*, 10-757 pps. 12-13 (La.App. 3 Cir. 12/8/10), 53 So. 3d 591, 599, *writ granted, judgment aff'd in part, rev'd in part*, 11-51 (La. 3/4/11), 56 So. 3d 947, and *writ denied*, 11-58 (La. 3/4/11), 58 So. 3d 475.

Upon review of the evidence presented[1] through Plaintiff's testimony, corroborated by Dr. Simms' statement, we find the trial court abused its "vast" discretion in making an award of only $2,500 in general damages. Plaintiff, while minding his own business, enjoying social time at a friend's home, was violently attacked without provocation. As we have previously stated, Plaintiff was struck with such force in the face he required emergency medical attention including fifteen stitches to repair his lip. He "sustained fractures to two of his teeth." As a result of this violent assault, Plaintiff "could not eat solid food for two months." He endured "a great amount of pain and suffering or anguish because of this injury" and was still experiencing some level of pain as of the date of the hearing. Further, he was unable to work his regular job for two months. This attack upon Plaintiff was violent and traumatic causing months of pain and suffering. As of the date of the hearing the outcome of Plaintiff's injuries and resulting pain and suffering were still unresolved and unknown.

---

[1] No documents or exhibits were attached to Dr. Simms' statement, and no certified medical records were introduced nor placed in evidence by trial counsel in support of Plaintiff's testimony. There are uncertified medical bills and a letter from Dr. Simms contained in this record which were attached to Plaintiff's "Supplemental Memorandum In Support of Default Judgment" filed on May 10, 2017, months after the confirmation hearing. Uncertified medical bills and a photographic copy of a letter attached to this supplemental memorandum are inadmissible hearsay.

We recognized in *Baltazar*, 53 So.3d at 600, that we are constrained by the decisions of the Louisiana Supreme Court to increase an abusively low award "to the lowest amount which is reasonably within the court's discretion, *Ryan v. Zurich Am. Ins. Co.,* 07–2312, p. 7 (La.7/1/08), 988 So.2d 214, 219." Once we have determined an award is abusively low, "we refer to prior awards in similar cases to determine the lowest point of an award within that discretion. *Coco v. Winston Indus., Inc.,* 341 So.2d 332 (La.1976)," *Id.* In *Dubroc v. Dupar*, 95-1107 (La.App. 3 Cir. 1/1/96), 670 So.2d 349, 351 we reversed an $8,000 award for soft tissue injuries and three fractured teeth as inadequate. In that case the plaintiff continued to suffer from his injuries a year after the accident and faced dental procedures at an estimated cost of $2,700. We increased Mr. Dubroc's general damage award to $25,000.

For the reasons as stated we affirm the trial court's judgment below except we amend the general damage award to increase it to $10,000.00, this being the lowest amount reasonably within the court's discretion to compensate Plaintiff. All costs of this appeal are assessed against Defendant, Corey Seneca.

**AFFIRMED AS AMENDED; RENDERED.**