^SAUNDERS, Judge.
In this workers’ compensation appeal the sole issue is whether the hearing officer erred in allowing the employer to offset the plaintiffs workers’ compensation benefits pursuant to LSA-R.S. 23:1225(A) without a hearing.

FACTS

Plaintiff, Raymond Lejeune, was injured on February 4, 1986, while in the course and scope of his employment with defendant-ap-pellee, Stamm-Scheele, Inc. Stamm-Scheele, Inc. carried workers’ compensation insurance with Aetna Casualty and Surety Company, defendant-appellee, herein. Plaintiff was paid weekly compensation at the rate *328 of $254.00 per week from May of 1986 until March of 1993.
The record reveals that on March 1, 1993, the defendants filed a motion for social security offset. Lejeune then filed an opposition to the defendant’s motion on March 5, 1993. However, on March 5, 1993, prior to a hearing on the matter, the hearing officer signed an offset judgment declaring Lejeune totally and permanently disabled and authorizing the defendants to take the sum of $1,100.60 per month, Lejeune’s total monthly compensation benefits, as a social security offset. Lejeune then filed a motion |2and order to set aside the offset judgment on March 8, 1993, which was denied without hearing on March 11, 1993. Lejeune now appeals contending that the trial court erred in granting an ex parte offset judgment in favor of the defendants. We agree and vacate the judgment of the Office of Workers’ Compensation.

DISCUSSION

LSA-R.S. 23:1225(A) provides that workers’ compensation benefits may be reduced when social security disability benefits are also being received by an employee. LSA-R.S. 23:1225(A) states as follows:
A. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker’s compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee’s injury.
As a prerequisite to the offset, the injured employee must be permanently and totally disabled. The burden of proving that an offset is proper is on the employer. As stated in Commercial Union Ins. Co. v. La-Fleur, 609 So.2d 297 (La.App. 3d Cir.1992), writ denied, 613 So.2d 998 (La.1993) at pp. 298, 299:
“In bringing this suit, Commercial Union was required to prove both its entitlement to an offset and the amount of the offset. Domingue v. Hartford Insurance Co., 568 So.2d 221 (La.App. 3d Cir.1990), writ denied, 571 So.2d 654 (La.1990); Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990).”
The jurisprudence has interpreted the statute to require that the offset “does not take effect until there is a judicial demand for and judicial approval of the claimed offset.” Necaise v. A.C. Co. of South Louisiana, Inc., 499 So.2d 1074 (La.App. 3d Cir.1986).

CONCLUSION

Since no hearing was held, this court has nothing to review. As a result, the defendants have failed to carry their burden of proof as to their entitlement to the offset. On this substantive basis alone, we must vacate the judgment of the hearing officer.
Furthermore, as a matter of procedural law, the hearing officer erred in granting the defendants’ relief without a hearing under the mandate set forth in LSA-C.C.P. art. 963, lawhich states as follows:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on *329 and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
On the minimal record we have before us, we do not find that the offset requested is relief “to which [the] mover is clearly entitled without supporting proof.” As such, the hearing officer erred in granting defendants’ relief ex parte and without hearing the adverse party.
Based upon the foregoing, the judgment of the Office of Workers’ Compensation is hereby vacated. Costs of this appeal to be paid by Aetna Casualty and Surety Company and Stamm-Seheele, Inc.
REVERSED AND VACATED.