698 So.2d 6 (1997)
Ray V. LEE, Plaintiff-Appellee,
v.
M & O, INC. Defendant  Appellant.
No. 97-141.
Court of Appeal of Louisiana, Third Circuit.
June 11, 1997.
*7 Harry Fred Randow, Alexandria, for Ray Lee.
Joseph B. Guilbeau, Metairie, for M & O, Inc.
Before COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
This is a workers' compensation appeal. Because of alleged factual and legal errors in the hearing officer's ex parte order, the employer has appealed. The sole issue we decide today is whether the hearing officer erred in issuing an ex parte order without a hearing, allowing the employer to offset the workers' compensation benefits pursuant to La.R.S. 23:1225(A).

FACTS
The worker, Mr. Ray V. Lee, who was a Louisiana resident, was injured on August 24, 1990, while in the course and scope of his employment as a millwright/mechanic with the defendant-appellant, M & O, Inc., a Texas corporation. The accident occurred in Oklahoma. M & O, Inc. carried workers' compensation insurance with Wausau Insurance Company and Travelers Insurance Company. Travelers Insurance Company provided coverage to M & O, Inc. for the Texas workers' compensation statute. Wausau Insurance Company provided coverage to M & O, Inc. for the claims filed pursuant to Louisiana workers' compensation statute.
Lee initially filed and received benefits under the Texas workers' compensation statute. Subsequently, upon learning that the Louisiana workers' compensation statute rate was higher, he applied for benefits in Louisiana. Travelers Insurance Company paid benefits at the weekly rate of $238.00 pursuant to the Texas compensation statute. Under protest, Wausau Insurance company paid benefits at a rate of $38.00 per week to bring the weekly rate up to $276.00, consistent with the Louisiana compensation law. It also paid medical benefits.
On November 27, 1990, M & O, Inc. filed an Exception and Answer into the record of the Louisiana proceedings. It asserted in its Answer its right to reduce benefits, including but not limited to, an offset for Social Security disability payments. Weekly compensation benefits and medical expenses were regularly paid to Lee for several years after the original suit was filed. Lee was not able to return to gainful employment. M & O, Inc. began investigating their offset rights to which it is entitled under La.R.S. 23:1225(A) generated by Lee's receipt of Social Security disability benefits, which began in February 1991.
On February 15, 1996, M & O, Inc. wrote to the Office of Workers' Compensation, District 2, requesting that it forward a form LDOL-WC-1004 to the Social Security Administration. The form 1004 was returned to the Office of Workers' Compensation. On or about April 8, 1996, M & O, Inc.'s counsel discovered an error on the form 1004 and *8 began communications with the Social Security Administration to correct the error.
Counsel for M & O, Inc. attempted to schedule a pre-trial conference and was informed by the Office of Workers' Compensation that the claim had been administratively closed. We note that the record does not contain any evidence that the record had been closed. On July 15, 1996, M & O, Inc. filed a Motion To Re-Open Administrative File of Lee.
On September 20,1996, the hearing officer issued an ex parte ruling on the Social Security offset. She held that M & O, Inc. "is hereby allowed to offset the Workers' Compensation benefits paid to claimant in the amount of $1013.60, beginning on July 15, 1996, the date of employer/insurer's judicial demand." On November 19, 1996, M & O, Inc. filed a Motion for a Devolutive Appeal. These proceedings followed.

ASSIGNMENTS OF ERROR
Appellant asks that we determine whether:
1. The date of judicial demand for purposes of determining the employer/insurer's right to Social Security Disability offset is the date the responsive pleadings are filed.
2. The amount of the Social Security Disability offset set forth in the Hearing Officer's judgment is correct.
3. It was manifest error for the Hearing Officer to unilaterally determine the amount of the Social Security offset by basing her decision on the LDOL-WC-1004 only without providing the parties an opportunity to present evidence or a listing of facts not in dispute.
4. It is a violation of Louisiana procedural law and specifically, Article 963 of the Louisiana Code of Civil Procedure and Hearing Officer Rule 2167, for the Hearing Officer to render an ex parte ruling on the Social Security offset.

LAW
Of M & O, Inc.'s four assignments of error, it is only necessary for us to decide the last one, relating to the hearing officer's issuance of the ex parte ruling on the Social Security offset, as the first three assignments of error will be issues to be decided by the hearing officer, when a hearing is held on this matter, pursuant to our ruling today.
As a matter of procedural law, the hearing officer erred in issuing the September 20, 1996 order concerning the Social Security offset, ex parte. La.Code Civ. P. Art 963 states:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
M & O, Inc.'s entitlement to a Social Security offset, pursuant to La.R.S. 23:1225(A), requires proof that the worker is permanently and totally disabled. See Lejeune v. Stamm-Scheele, Inc., 93-536 (La. App. 3 Cir. 2/16/94); 640 So.2d 327. No such proof is in the record or was before the hearing officer at the time she rendered her ex parte order. On the record before us the hearing officer's offset was not relief to which M & O, Inc. was "clearly entitled without supporting proof." La.Code. Civ.P. art. 963. Thus, we vacate and remand for further proceedings.

CONCLUSION
Based of the foregoing, the judgement of the Office of Workers' Compensation is hereby vacated. Costs of this appeal are to be paid by M & O, Inc.
VACATED AND REMANDED.