bMcKAY, Judge.
Yogesh Jethani and Aspara Properties, Inc., appeal a judgment in favor of defendant Kishore Motwani on the granting of a motion for summary judgment by the trial court. Additionally, appellee has filed a request for damages for a frivolous appeal, pursuant to the Uniform Rules of the Louisiana Courts of Appeal Rule 2-19. The judgment of the trial court’s granting of the motion for summary judgment is affirmed. Appellee’s request for damages for frivolous appeal is denied.
The matter arises out of a family dispute over the ownership of property. The appellant filed a petition for declaratory judgment and appointment of temporary receivership on December 13, 1996, with the court. In their petition the appellant requested the court to recognize their full ownership of 931 Canal Street which is owned by the Canal Street Corporation Inc. At issue is who is the owner/stockholder of this property. The record refers to a “family pool” of money, which was used to invest in numerous commercial enterprises. Various family members apparently have access to the “pool” in which they individually ¡^contribute to and take from as needed to purchase or invest in commercial transactions. In 1995 pursuant to an IRS tax lien, the IRS took the position, from the information provided by the Motwani family, that all the Motwani entities were related and consequently indebtedness was allocated to each of the Mot-wani members. The appellant’s claim that Mr. Philip James the family’s attorney, wrote a letter to the IRS dated June 1,1995 wherein, he confirmed that there were two stock certificates issued to the appellants on or before May 18,1995, which gave 75 shares to Yogesh Jethani and 25 shares to Aspasra Properties Inc. Mr. James subsequently sent a retraction letter to the IRS on December 4, 1996, wherein he corrected the apparent erroneous statement to reflect that the stock was actually owned by Kishore “Mike” Mot-wani.
At the hearing on January 10, 1997, ap-pelles offered numerous documents into evidence. A stock certificate for 100 shares of stock in the 931 Canal Street Corporation Inc., dated January 16, 1995, which verified 100% ownership of 931 Canal Street. Also included is the affidavit of Kishore “Mike” Motwani, president of the 931 Canal Street Corporation Inc., in which he attested to owning all of the stock in 931 Canal Street Corporation Inc., and that there were no other outstanding shares issued to any other person. Additionally presented into evidence is the affidavit of Mr. Philip James, who is the lawyer/secretary/and registered agent of the 931 Canal Street Corporation Inc., wherein he attests to being the secretary for the 931 Canal Street Corporation Inc., and that he is a registered attorney in Louisiana, and that Mr. Kishore Mitwani is the sole ^registered shareholder of the 931 Canal Street Corporation Inc. Further, a Judgment recalling an appointment of a temporary receivership was entered into the record.
The appellants failed to file an opposition but filed into the record the affidavits of Chandru “Charlie” V. Motwani and Verhomal Motwani and a notarized document naming Chandru “Charlie” V. Motwani as the agent for the appellant and vesting him with power of attorney for the appellant, Yogesh A. Mot-wani. These affidavits and documentation fail to controvert the allegations contained in defendant’s motion for summary judgment and merely attest to facts alleged in theplain-tiff s original petition. The excerpt from the deposition of Charlie Motwani, which was also introduced into the record at the hearing on January 10, 1997, also fails to refute the appellee’s evidence of ownership. No exhibits supporting the position of the plaintiff or contradicting the assertions of the defendant were introduced into the record nor did they reach the level of genuine issue of material fact sufficient to support the denial of the motion for summary judgment.
The assertion of the plaintiff that the property and corporation in question is a single business enterprise does not have any applicability to the instant case. Furthermore, plaintiff fails to offer sufficient evidence or prove a relationship to “the pool” or the *1044 relationship of “the pool” to the 931 Canal Street Corporation. The judgment granting the summary judgment was signed without written reasons on November 24,1997.
^Appellate Courts review summary judgment de novo using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 634 So.2d 1180 (La.1994). An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact. La.C.C.P. art.967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326. Pursuant to La.C.C.P. art. 966(C)(2), the plaintiff is required to produce factual evidence to rebut the claim and to show the trial court that he will be able to meet his burden of proof at trial. Plaintiff failed to prove that any genuine issue as to material fact exists, therefore, mover is entitled to judgement as a matter of law.
The non-moving party may not rely upon the allegations of his pleadings in opposition to a properly supported motion for summary judgment. Cressionnie v. Liberty Mutual Ins. Co., 98-0534 (La.App. 4 Cir. 4/8/98), 711 So.2d 364. In the instant case the plaintiff did not file an opposition nor supporting memorandum but chose to rely on deficient and inapplicable documentation. The claim by appellants that the trial court erred in granting summary judgment is without merit. We affirm the ruling of the trial court granting the summary judgment in favor of the defendant. This opinion in no way prejudices other remedies available to appellant.
^Appeals are always favored, and unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993). Damages for a frivolous appeal are unwarranted in the instant case. The fact that the appellant has not prevailed in this appeal should in no way be construed as being a frivolous appeal. We deny the appellee request for damages under the Uniform Rules of Louisiana Courts of Appeal Rule 2-19.
AFFIRMED IN PART AND DENIED IN PART.
LANDRIEU, J., concurs in the result.