1 MURRAY, Judge.
Schwegmann Giant Supermarkets, Inc., appeals a judgment of the Office of Workers’ Compensation Administration, in which it was cast for penalties and attorney’s fees. Tracy Westbrook answers the appeal, denjdng that Schwegmann is entitled to a suspensive appeal, and requesting that Schwegmann be taxed with costs and attorney’s fees for having to defend this appeal. For the following reasons, we affirm.
FACTS:
Ms. Westbrook filed suit on October 10, 1995, alleging that she was injured on November 10, 1987, while in the course and scope of her employment. In its original answer, Schwegmann made judicial demand for an offset pursuant to La.Rev. Stat. 23:1225(C). A trial was held on January 28, 1998. The record reflects that the issue of whether Schwegmann was entitled to an offset in workers’ compensation payments because Ms. Westbrook was receiving social security benefits was resolved during the pre-trial conference. The only issues remaining | gfor trial were whether Schwegmann was entitled to take the offset when it did, and whether it was arbitrary and capricious in doing so.
*1246 The trial court found that because Schwegmann continued to contest Ms. Westbrook’s status as totally and permanently disabled up until the morning of trial, it was not entitled to take the offset when it did, and therefore was arbitrary and capricious in doing so. Penalties of $2000 and attorney’s fees of $3500 were assessed against Schwegmann.
DISCUSSION:
Louisiana Revised Statute 23:1225 permits an employer to reduce workers’ compensation payments by the amount of social security benefits an employee receives after a determination of total and permanent disability. Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4 Cir.1983), writ denied, 445 So.2d 441 (La.1984).
Schwegmann claims that it was entitled to unilaterally claim an offset against the social security benefits Ms. Westbrook received pursuant to La.Rev.Stat. 23:1225(C) because it has voluntarily made workers’ compensation payments to her without court intervention. In support of this proposition, Schwegmann cites three Third Circuit cases. Our review of these cases confirms that the trial court in this case was correct in its ruling.[1]
| aThe cases relied on by Schweg-mann indeed state that when an employer or his insurer has made voluntary compensation payments to an injured employee, that is, payments never judicially fixed, the employer can unilaterally claim the offset allowed by La.Rev.Stat. 23:1225. However, our review of other cases involving this issue reveals that an essential prerequisite to an employer claiming the offset is proof that the claimant is totally and permanently disabled. See Lee v. M & O, Inc., 97-141, p. 4 (La.App. 3 Cir. 6/11/97), 698 So.2d 6, 8; Lejeune v. Stamm-Scheele, Inc., 93-536, p. 2 (La.App. 3 Cir. 2/16/94), 640 So.2d 327, 328. This prerequisite can be established either through an adjudication of the issue, or by stipulation of the parties. See Louisiana Ins. Guaranty Ass’n v. Cloud, 627 So.2d 758, 760 (La.App. 2d Cir.1993)
Schwegmann argues that it did have an agreement/stipulation with Ms. Westbrook’s attorney, memorialized in a letter sent to her attorney on December 4, 1996. It claims that the trial court erred in not recognizing the letter as evidence of that stipulation. The letter introduced by Schwegmann does not state that the parties are in agreement concerning Ms. Westbrook’s disability status, but, rather, relates that Schwegmann’s counsel will contact Ms. Westbrook’s counsel to schedule a medical evaluation. The letter also conveys that a settlement check and a receipt and release will be forwarded to Ms. Westbrook’s attorney. The record does not contain either a copy of an executed check or receipt and release. We can presume from this void in the record that the parties did not settle the matter. Finally, we note that there is no indication, either by Ms. Westbrook’s counsel’s Lsignature or responsive correspondence, that the offer of December 4, 1996, was accepted. We find no error in the trial court not accepting this letter as proof of a compromise agreement or stipulation concerning Ms. Westbrook’s disability status.
Schwegmann also claims that jurisprudence allows the unilateral implementation of the offset as long as there is a reasonable basis to believe that higher benefits, without the offset, can be reasonably controverted. We do not find support for this proposition either in the cases cited or in our own research.
Whether a party should be cast with penalties and attorney’s fees is essen *1247 tially a question of fact. Hebert v. CIGNA, 93-1400, p. 9 (La.App. 3 Cir. 5/25/94), 637 So.2d 1221, 1227. “A hearing officer has great discretion in the award of attorney’s fees and [an award] will not be disturbed absent manifest error.” Hubert Dietz v. Guichard Drilling Co., 626 So.2d 79, 83 (La.App. 3 Cir.1993). The trial court stated in its reasons for judgment that “because defendant [Schwegmann] contested claimant’s claim of permanent disability up to the date of this hearing, ... it could not unilaterally institute the offset/credit before an adjudication, or a stipulation as to claimant’s permanent disability status.” We find no error in this ruling.
Ms. Westbrook answered the appeal denying that Schwegmann is entitled to a suspensive appeal. Presumably, this is because Schwegmann failed to file a suspen-sive appeal bond. However, an answer to the appeal is not the proper | ¡¡procedural vehicle by which to have the appeal dismissed. See La.Code Civ. Proc. art. 2161.
Ms. Westbrook also requests an award of attorney’s fees for having to defend this appeal. However, because appeals are favored, damages will not be allowed unless an appeal is unquestionably frivolous. Jethani v. Motwani, 98-0703, p. 6 (La.App. 4 Cir. 11/18/98), 723 So.2d 1042, 1044, writ denied 98-3120 (La.2/5/99), — So.2d -, 1999 WL 58275. We do not find it appropriate to award attorney’s fees in this case.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by Schwegmann.
AFFIRMED.

. The three cases cited are: Wiley v. Louisiana Hoop Co., Inc., 94-46 (La.App. 3 Cir. 10/5/94), 643 So.2d 910, writ denied 94-2684 (La. 1/6/95), 648 So.2d 925, Duke v. Rapides Senior Citizens Center, 94-621 (La.App. 3 Cir. 12/7/94), 647 So.2d 648, writ denied 95-0055 (La.3/17/95), 651 So.2d 268, and Hebert v. CIGNA, 93-1400 (La.App. 3 Cir. 5/25/94), 637 So.2d 1221.