|,WOODARD, Judge.
Ms. Gwendolyn L. Wolff injured herself while in the course and scope of her employment. She received disability benefits in the amount of $903.20 from Pacific Employers Insurance Company (Pacific). From the form LDOL-WC-1004, which appears in the record, Ms. Wolff also received Social Security benefits in the amount of $833.60 based on her Average Current Earnings (ACE) on record and $327.90 based on Total Family Benefit (TFB).
On December 8, 1998, Pacific asserted its right to a reverse offset pursuant to the Louisiana Workers’ Compensation Act and “42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Act.” In an ex parte order issued on December 10, 1998, the workers’ compensation judge granted Pacific’s claim to an offset of $91.73 per week. Ms. Wolff appeals.
_L>LAW
Ms. Wolff asserts that the workers’ compensation judge erred when granting Pacific a La.R.S. 23:1225(A) offset in an ex parte order, when there was no evidence in the record that the benefits which Pacific paid were for an injury, producing Permanent Total Disability, as required by La. R.S. 23:1225(A).
As a matter of procedural law, a workers’ compensation judge may only issue an ex parte order in the circumstances set forth in La.Code Civ.P. art. 963, which states:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion -is one to which the mover is not clearly entitled, or which requires sup *783 porting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
(Emphasis added.)
The substantive law providing for the entitlement to an offset is specified in La.R.S. 23:1225(A), which states:
The benefits provided for in this Sub-part for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Sub-chapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423[.]
La.R.S. 23:1225(A). (Emphasis added.) Thus, in order to show that it is entitled to an La.R.S. 23:1225(A) offset, an employer must prove that the employee is permanently and totally disabled. Lee v. M & O, Inc., 97-141 (La.App. 3 Cir. 6/11/97); 698 So.2d 6.
In the instant case, Pacific had the burden of showing that Ms. Wolff received benefits based on a total and permanent disability. After thoroughly reviewing the record, we do not find any evidence that Ms. Wolff received Permanent Total Disability Benefits. Accordingly, the workers’ compensation judge erred when 13granting the relief asserted by Pacific in an ex parte order; thus, we vacate and remand for further proceedings.
CONCLUSION
For the foregoing reasons, the workers’ compensation judge’s decision is hereby vacated. Costs of this appeal are to be paid by Pacific.
VACATED AND REMANDED.