# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-278

TAMMY DEROUEN

VERSUS

WAL-MART STORES, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 3, PARISH OF CALCASIEU, NO. 05-06369,
HONORABLE SAM LOWERY,
WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and
Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Michael Miller**
**P.O. Drawer 1630**
**Crowley, LA 70527-1630**
**Attorney for Plaintiff/Appellant,**
**Tammy Derouen**

**Frank A. Flynn**
**Allen & Gooch**
**P.O. Box 81129**
**Lafayette, LA 70598-1129**
**Attorney for Defendant/Appellee,**
**Wal-Mart Stores, Inc.**

**GREMILLION, JUDGE.**

Tammy Derouen (Derouen) was injured in the course and scope of her employment as an associate of Wal-Mart, Inc. (Wal-Mart) in Abbeville, Louisiana, on April 10, 2005. She filed a Disputed Claim for Compensation (Form 1008) on August 19, 2005, in which she alleged that Wal-Mart was underpaying her weekly indemnity benefits. She also claimed entitlement to penalties and attorney fees. An amended 1008 was filed on June 29, 2006, asserting that in addition to underpaying weekly indemnity, Wal-Mart had failed to timely and fully pay medical expenses, had refused her selection of Dr. John E. Cobb, a Lafayette orthopedic surgeon, as her physician of choice and had denied her physical therapy and nerve blocks.

On March 7, 2007, Derouen and Wal-Mart entered a consent judgment into the record. That consent judgment provided that Derouen was injured in the course and scope of her employment and was entitled to weekly indemnity payments in the amount of $190.43, back weekly benefits in the amount of $2,651.29 and all necessary treatment including back surgery recommended by Dr. Cobb. Wal-Mart also agreed to pay $8,250.00 in penalties, attorney fees in the amount of $13,500.00 and expenses of $602.38. This consent judgment was signed by the Workers' Compensation Judge (WCJ) on April 30, 2007.

On July 6, 2007, Derouen filed a motion seeking penalties and attorney fees because Wal-Mart had sent a check in the amount of $25,003.67 with an accompanying "Satisfaction of Judgment." Derouen alleged that Wal-Mart's counsel had instructed that the check was not to be negotiated until the satisfaction was executed. This action, she asserted, entitled her to a 24% penalty plus additional attorney fees. After a hearing on December 6, 2007, the motion for penalties and

1

attorney fees was granted. Judgment was not signed by the WCJ until December 16, 2008.

On January 14, 2008, Wal-Mart forwarded two separate checks and requested that Derouen execute a satisfaction of judgment. Derouen refused, and a hearing was fixed for December 16, 2008. At this time, the judgment on the aforementioned penalties and attorney fees was filed and signed. The WCJ also granted a "Partial Satisfaction of Judgment" in favor of Wal-Mart. It is the existence of this "Partial Satisfaction of Judgment" signed by the WCJ on December 16, 2008, to which Derouen objects.

**ANALYSIS**

The partial satisfaction of judgment provides that Derouen received a check in the amount of $25,003.67 representing the proceeds reflected in the original consent judgment and a second check for $15,482.63 representing the penalties and attorney fees awarded on December 6, 2007. It further provided in conclusion:

> IT IS ORDERED, ADJUDGED AND DECREE [sic] THAT the Consent Judgment rendered on April 30, 2007 and Judgment on Motion for Penalties and Attorney Fees rendered on December 16, 2008 in the above entitled and numbered have been paid reserving all rights, if any, to Tammy DeRouen for temporary total benefits in the amount of $190.43 and all reasonable and necessary medical treatment, including back surgery recommended by Dr. John Cobb on or before March 7, 2007.

Workers compensation represents an ongoing obligation on the employer's part to compensate the employee for injuries incurred in the course and scope of employment. Thus, Wal-Mart cannot, according to Derouen, cite any authority allowing it to obtain a satisfaction of judgment, as this suggests that the obligation is not ongoing.

Louisiana Revised Statute 23:1201.3(A) governs the effect of judgments

2

awarding workers compensation benefits. Those awards carry interest from the date benefits were due until the date of satisfaction. They may be recorded in the mortgage records of any parish clerk of court and thus carry the force and effect of a judicial mortgage. *Id.* Further, a judgment rendered by a WCJ carries "the same force and effect and may be satisfied as a judgment of a district court." La.R.S. 23:1317(B).

A necessary adjunct of the power to render a judgment is the authority to determine whether a party has complied with its dictates. "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." La.Code Civ.P. art. 191. Necessity dictates that a party against whom a judgment has been rendered and who has paid the judgment is afforded some method of having that fact recognized by the courts. We, therefore, find that the WCJ had legal authority to enter the partial satisfaction of judgment.

Both the partial satisfaction of judgment and the exhibits entered by Wal-Mart at the hearing set forth the basis for calculating the payments made. The judgments at issue are straightforward in establishing the amounts awarded. The finding that the judgments were paid is one of fact; therefore, the manifest error standard applies. That standard requires that the appellate court, in order to reverse, must find that the record reflects that there is no reasonable basis for the WCJ's factual determinations. *Clay v. City of Jeanerette*, 99-1421 (La.App. 3 Cir. 5/31/00)*, 768 So.2d 609, *writ denied*, 00-2006 (La. 10/27/00), 772 So.2d 124. We find that a reasonable basis is reflected in the record for the finding that the two judgments were paid, excepting, of course, the prospective medical expenses and weekly indemnity benefits reserved by the partial satisfaction of judgment.

3

Derouen also complains that the partial satisfaction of judgment was overly broad. She claims that it prejudices her rights by giving Wal-Mart a complete release of all obligations except those specifically reserved. We agree that the partial satisfaction does release Wal-Mart from all obligations owed under the consent judgment (except the weekly indemnity and medical expenses); we disagree that this in any way prejudices Derouen's rights. The only remaining rights she possesses are those specifically reserved by the consent judgment. Any other ruling would invalidate the consent judgment, and we decline to do so.

The partial satisfaction of judgment merely recognizes that Wal-Mart has satisfied the award of penalties, attorney fees, past medical and weekly indemnity payments and expenses. It further recognizes that Wal-Mart has satisfied the awards of 24% penalty, attorney fees, past weekly indemnity and penalty for failing to pay weekly indemnity addressed in the December 16, 2008, judgment.

**CONCLUSION**

The WCJ possesses inherent authority to determine whether the judgments he renders have been satisfied. That finding is reviewed, as any other finding of fact, under the manifest error standard. In the present matter, the record reflects a reasonable basis for the WCJ's finding that the judgments of March 7, 2007, and December 16, 2008, were satisfied. The Partial Satisfaction of Judgment entered by the WCJ is affirmed.

Appellant, Tammy Derouen, is taxed with all costs of this appeal.

**AFFIRMED.**

4