# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-176


JUAN CARLOS ALLEN

VERSUS

AFFORDABLE HOME FURNISHINGS


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 07-08002
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


**Cooks, J., dissents in part and assigns written reasons.**

                                                                    **AFFIRMED.**



**Michael B. Miller**
**Miller & Miller**
**Post Office Box 1630**
**Crowley, Louisiana 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
        **Juan Carlos Allen**

**Joseph J. Bailey**
**David E. Boraks**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, Louisiana  71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
       **Affordable Home Furnishings**

**KEATY, Judge.**

Employee appeals from a judgment rendered by the workers' compensation judge (WCJ) pursuant to a motion to dismiss filed by his former employer. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Juan Carlos Allen (Allen) injured his low back and left leg while pulling up carpet in conjunction with his employment with Affordable Home Furnishings (AFH). On May 4, 2005, the WCJ signed a consent judgment decreeing that Allen was injured in the course and scope of his employment with AFH on July 19, 2003, and that he was entitled to temporary total disability benefits (TTDs) beginning on July 20, 2003, at the rate of $410 per month, subject to a credit for all previously made weekly compensation payments.[1]

In April of 2012, Allen filed a motion and order for penalties and attorney fees based on AFH's failure to guarantee payment of a memory foam mattress prescribed by his physician.[2] Following a hearing, the WCJ rendered judgment in open court in favor of Allen ordering AFH to pay him a penalty of $2,000 and attorney fees of $1,500. Written judgment to that effect was signed on June 18, 2012. The judgment, which the WCJ had ordered Allen's attorney to prepare, also referenced docket numbers 03-07165, 06-06892, and 07-08002. Approximately one month later, Allen sent AHF a satisfaction of judgment stating that the June 18, 2012 judgment providing for penalties and attorney fees had been "paid and satisfied;" docket numbers 03-07165, 06-06892, and 07-08002 were again

---

[1] The judgment further provided that AFH pay a penalty of $3,700 and attorney fees of $5,000.

[2] Docket numbers 03-07165, 06-06892, and 07-08002 were referenced at the top of the motion.

referenced at the top of the document. Thereafter, AHF filed a motion to dismiss alleging that "all disputes in the above referenced docket numbers[3] have been fully and completely resolved" and seeking to have those docket numbers dismissed with prejudice. The satisfaction of judgment was attached to AFH's motion. On August 21, 2012, the WCJ signed an order decreeing that "all claims subject to" the above-referenced docket numbers were dismissed with prejudice, "reserving all future disputes between the parties." The words "all claims subject to" were handwritten into the order by the WCJ.

Allen appealed and is now before this court assigning two errors. First, he asserts that the WCJ erred in assigning multiple docket numbers to his single claim. Next, he asserts that the WCJ erred in ordering the dismissal of all his claims without a hearing or without evidence that all of his claims should be dismissed.

## DISCUSSION

In *Derouen v. Wal-Mart Stores, Inc.*, 09-278 (La.App. 3 Cir. 10/7/09), 23 So.3d 389, a workers' compensation claimant appealed from a decision of the WCJ which granted a partial satisfaction of judgment in favor of the employer. She questioned whether any authority existed for a partial satisfaction of judgment, whether her employer had proved the total amount payable under the judgment, and whether the judgment was overbroad. In analyzing the issues presented, we noted:

> A necessary adjunct of the power to render a judgment is the authority to determine whether a party has complied with its dictates. "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." La.Code Civ.P. art. 191. Necessity dictates that a party against whom

---

[3] The docket numbers referenced on the motion to dismiss were the same three numbers that were referenced on the satisfaction of judgment.

a judgment has been rendered and who has paid the judgment is afforded some method of having that fact recognized by the courts. We, therefore, find that the WCJ had legal authority to enter the partial satisfaction of judgment.

*Id.* at 392. "The WCJ possesses inherent authority to determine whether the judgments he renders have been satisfied. That finding is reviewed, as any other finding of fact, under the manifest error standard." *Id.*

Allen asserts that the WCJ erred in assigning multiple docket numbers to his single claim. He contends that the system used by the Office of Workers' Compensation (OWC) whereby multiple docket numbers are assigned to claims arising out of ongoing cases does nothing but cause delay and confusion. More specifically, he contends that often the records from old claims that have become final judgments are filed in Baton Rouge and are, thus, unavailable for future hearings. No jurisprudence is cited by Allen in support of this assignment of error.

AFH counters that there is no merit to Allen's assertion. First, it contends that this court should permit the OWC to control its docket as it sees fit. Further, AFH submits that the workers' compensation scheme provides for continuing jurisdiction over workers' compensation cases and expressly provides that judgments or awards may be subject to a claim for modification, thus, maintaining order. *See* La.R.S. 23:1310.8 and *Madere v. W.S. Life Ins. Co.*, 03-110 (La.App. 5 Cir. 4/29/03), 845 So.2d 1222.

> "The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary." *Steinhoff v. Steinhoff*, 03-24, p. 5 (La.App. 3 Cir. 4/30/03), 843 So.2d 1290, 1294. Moreover, appellate courts generally will not consider issues that were not addressed by the trial court and which are raised for the first time on appeal. *Mendoza v. Grey Wolf Drilling Co., LP.*, 46,438 (La.App. 2 Cir. 6/22/11), 77 So.3d 18, *writ denied*, 11-1918 (La.11/14/11), 75 So.3d 943.

3

*Montgomery v. State Farm Fire & Cas. Co.*, 12-320, pp. 9-10 (La.App. 3 Cir. 11/14/12), 103 So.3d 1222, 1229, *writ denied*, 12-2711 (La. 2/8/13), 108 So.3d 91.

After thorough review of the record, we can find no indication that Allen presented argument to the WCJ that it erred in assigning multiple docket numbers to his claim before asserting this error on appeal. Accordingly, we will not consider Allen's first assignment of error. *See* Uniform Rules—Courts of Appeal, Rule 1–3.

Allen next contends that the WCJ erred in dismissing all of his claims without a hearing or evidence that all of his claims should be dismissed. He contends that the order of dismissal signed by the WCJ is overbroad and includes claims that were not subject to the satisfaction of judgment that he filed after AHF paid the June 18, 2012 judgment. Because Allen fears that the order of dismissal is unclear and could later be interpreted to include prior judgments and orders issued by the WCJ, he requests that this court limit the dismissal to the June 18, 2012 judgment.

On the other hand, AHF submits that the order is clear in that it "reserv[es] all other disputes between the parties." It further contends that the WCJ handwrote the phrase "all claims subject to" into the order of dismissal "to very specifically tailor the effect" of the judgment and to eliminate any confusion concerning the use of multiple docket numbers in this case. According to AHF, each workers' compensation dispute is given a separate docket number in order to make any judgment resolving that dispute appealable. Thus, AHF contends that it was proper for the WCJ to close the docket numbers that Allen listed on the satisfaction of judgment because those disputes were resolved. Finally, as a practical matter,

AHF submits that it is necessary for each dispute that is the subject of a Form 1008 Disputed Claim for Compensation to be closed because the counsel assigned to defend that dispute may no longer be counsel of record and, thus, should not continue to receive and be responsible for responding to time-sensitive demands when no dispute is pending before the OWC.

Allen asserts that the order of dismissal should have been limited to the June 18, 2012 judgment which awarded him penalties and attorney fees and for which he provided a satisfaction of judgment. The appellate record indicates that Allen's motion for penalties and attorney fees, the judgment on the motion for penalties and attorney fees, the satisfaction of judgment signed by Allen's attorney, and AHF's motion to dismiss *each contained all three docket numbers*. In addition, the order of dismissal references the satisfaction of judgment and specifically "reserv[es] all other disputes between the parties."

While Allen now complains that the judgment of dismissal is ambiguous and that the insertion of the phrase "all claims subject to" serves to broaden the possible effect of the dismissal, he did not file a motion for new trial or for clarification of the judgment. Because Allen failed to raise the issue of possible ambiguity in the judgment before the WCJ, we will not consider this aspect of his second assignment of error for the first time on appeal. *See* Uniform Rules— Courts of Appeal, Rule 1–3.

This court has held that the "WCJ possesses inherent authority to determine whether the judgments he renders have been satisfied." *Derouen*, 23 So.3d at 392. A logical corollary to that authority is the additional authority of a WCJ to render a judgment of dismissal when it is presented with a satisfaction of a judgment. As

5

we previously noted, "The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary." *Montgomery*, 103 So.3d at 1229 (quoting *Steinhoff,* 843 So.2d at 1294). Allen has not pointed to any record evidence to indicate any error in the judgment of dismissal. In fact, the evidence fully supports the judgment of dismissal rendered by the WCJ. Accordingly, the August 21, 2012 judgment is affirmed in its entirety.

## DECREE

For the foregoing reasons, the judgment of dismissal is affirmed. Costs of this appeal are assessed against Juan Carlos Allen.

**AFFIRMED.**

13-176

JUAN CARLOS ALLEN

VERSUS

AFFORDABLE HOME FURNISHINGS

**COOKS, J., dissenting.**

I respectfully dissent from the portion of the majority's opinion that refuses to consider the Claimant's assignment of error asserting the WCJ's order of dismissal is overbroad and could possible serve to dismiss claims that were not subject to the Satisfaction of Judgment filed after AHF paid the June 18, 2012 judgment. The justification for the majority's refusal to consider this assignment of error is that "[b]ecause Allen failed to raise the issue of possible ambiguity in the judgment before the WCJ, we will not consider this aspect of his second assignment of error for the first time on appeal."[1] I find this court most certainly has the authority to consider this issue on appeal, and feel it is an abrogation of our duty to simply dismiss Claimant's argument.

Contrary to the Louisiana Constitution Article 5, section 10 (emphasis added) sets forth an appellate court's scope of review of administrative agency proceedings as follows:

> **(B) Scope of Review.** Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts. ***In the review of an administrative agency determination in a worker's compensation matter, a court of appeal may render judgment as provided by law, or, in the interest of justice, remand the matter to the administrative agency for further proceedings.*** In criminal cases its appellate jurisdiction extends only to questions of law.

---

[1] In his brief to this court, counsel for Claimant contends the order "was signed even though an objection was made to the Order of Dismissal submitted to the workers' compensation judge." The record before us, however, does not include any objection made.

Any concerns the majority might have as to the record being inadequate to amend the judgment, is not, in my view, a valid basis for an outright rejection of Claimant's assignment of error. As set forth above, La.Const. art. 5, § 10(B) specifically grants the appellate courts the authority to, "in the interest of justice, remand the matter to the administrative agency for further proceedings." Therefore, rather than dismissing Claimant's assignment of error because of a lack of clarity as to what went on below at the administrative agency level, it would seem both prudent and fair to, at a minimum, remand the case back to the Office of Workers' Compensation for further proceedings.

I find reasonable Claimant's concerns that the Order of Dismissal is unclear, overbroad and could be interpreted to exclude future claims and rulings by the WCJ. The Satisfaction of Judgment provided by Claimant to AHF was specific, and indicated that *only* the Judgment rendered on June 18, 2012 was "paid and satisfied." AHF's Motion to Dismiss stated that "all disputes in *the above referenced docket numbers* have been fully and completely resolved," (emphasis added) and asked that the "above referenced docket numbers be dismissed, with prejudice, reserving all other disputes between the parties." An Order of Dismissal was then signed by the WCJ ordering "that all claims subject to the above referenced docket numbers be and are hereby dismissed, with prejudice, reserving all other disputes between the parties." The words "all claims subject to" was handwritten and inserted into the order. Claimant contends it objected to the order prior to its signing, and further notes there was no hearing on the order.

It is difficult to dispute Claimant's argument that the Motion to Dismiss and Order of Dismissal are much broader than the Satisfaction of Judgment. The Satisfaction of Judgment *only pertained to the penalties and attorney fees awarded for the failure to approve a memory foam mattress*. Thus, the Claimant's argument

that the Order of Dismissal should have been limited to the June 18, 2012 judgment is compelling.