STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-819

CATHERINE COBB

VERSUS

LAFAYETTE PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 01-03123
SHARON MORROW, WORKERS COMPENSATION JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of John D. Saunders, Van H. Kyzar, and Candyce G. Perret, Judges.

REVERSED AND REMANDED.

Michael B. Miller
Miller & Associates
Post Office Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF-APPELLANT:
    Catherine Cobb

**L. Lane Roy**
**Brown Sims**
**600 Jefferson St., Suite 800**
**Lafayette, LA 70501**
**(337) 484-1240**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lafayette Parish School Board**

**Catherine M. Landry**
**Mandy A. Simon**
**Preis, PLC**
**Post Office Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lafayette Parish School Board**

**PERRET, Judge.**

On July 5, 2018, the Workers' Compensation Judge (WCJ) signed an ex parte order granting defendant's, Lafayette Parish School Board's (LPSB), Motion for Satisfaction of Judgments. Plaintiff, Catherine Cobb, appeals this judgment alleging as her sole assignment of error that the WCJ "erred in signing the satisfaction of judgment[s] without a hearing as required by [La.Code Civ.P.] art. 963." For the following reasons, we reverse and remand.

**FACTS:**

The underlying facts of this case were discussed previously in *Cobb v. Lafayette Parish School Board*, 16-990, p. 1-2 (La.App. 3 Cir. 5/17/17), 220 So.3d 825, 826-827 *writ denied*, 17-1481 (La. 11/13/17), 230 So.3d 209 as follows:

> On May 8, 2001, Catherine Cobb filed a disputed claim for compensation alleging she was injured in September 2000, during the course and scope of her employment with the Lafayette Parish School Board (LPSB). On July 20, 2005, the parties stipulated that Ms. Cobb was entitled to temporary total disability benefits. LPSB then terminated these benefits on August 30, 2006. However, it did not file a motion seeking to modify Ms. Cobb's benefits until May 30, 2008.

> On August 31, 2009, the Office of Workers' Compensation (OWC) rendered judgment in favor of Ms. Cobb, awarding indemnity benefits in the amount of $195.25 payable from September 12, 2000 through May 30, 2008, as well as $3,000.00 in penalties, which was 24% of unpaid benefits from August 31, 2006 through May 30, 2008. Ms. Cobb was also awarded $10,000.00 in attorney fees, $1,135.53 in costs, and legal interest. No other benefits were awarded.

> Ms. Cobb appealed the August 31, 2009 judgment to the extent it failed to award her with any other benefits, and LPSB appealed the award of penalties and attorney fees. The August 31, 2009 judgment was affirmed in all respects by this court on November 3, 2010. *Cobb v. Lafayette Parish School Bd.*, 10-430 (La.App. 3 Cir. 11/3/10), 49 So.3d 597, *writ denied*, 10-2692 (La. 1/28/11), 56 So.3d 958.

> On July 7, 2010, Ms. Cobb filed a motion seeking additional penalties and attorney fees for LPSB's failure to pay the August 31, 2009 judgment. The workers' compensation judge granted Ms. Cobb's motion and awarded her $3,000 in penalties and $2,500 in attorney fees pursuant to a judgment dated March 27, 2012.

Ms. Cobb filed another motion seeking penalties and attorney fees on October 12, 2012, alleging LPSB failed to pay the March 27, 2012 judgment. She then filed an amended motion on December 14, 2012, additionally alleging that LPSB failed to pay certain medical bills incurred by Ms. Cobb, and therefore, that she was entitled to penalties and attorney fees. Ms. Cobb did not seek payment of those bills from LPSB.

The bills at issue include $4,999 for services rendered by Michael Berard, Ph.D. from October 17, 2005, through February 14, 2008; $4,730 for services rendered by Michael Berard, Ph.D. from March 2008 through August 2010; three separate bills totaling $80 each for services rendered by Dr. Pervez Mussarat on December 1, 2009, February 24, 2010, and June 15, 2010; and receipts for medication prescribed by Dr. Mussarat that Ms. Cobb purchased from CVS pharmacy from January 2010 through July 2010.

A hearing was held on June 28, 2013. On April 23, 2015, the OWC rendered judgment granting Ms. Cobb's motions and awarding her $3,000 in penalties in accordance with La.R.S. 23:1201(G) for LPS's failure to pay the 2012 judgment, $6,000 in penalties in accordance with La.R.S. 23:1201(F) for LPSB's failure to pay medical bills, $5,000 in attorney fees, together with costs and legal interest.

LPSB filed a motion for new trial on May 4, 2015, asserting for the first time that Ms. Cobb's claims for penalties and attorney fees with respect to the unpaid medical bills were barred by *res judicata*, given the finality of the August 31, 2009 judgment. A hearing was held on June 9, 2015. Judgment was rendered on June 8, 2016, denying LPSB's motion. LPSB has appealed. In addition, Ms. Cobb has submitted a motion to this court to remove evidence from the record before us.

On May 17, 2017, this court reversed the award of $6,000.00 in penalties for failing to pay the medical bills and reduced the attorney fee award to $2,500.00. Thereafter, Ms. Cobb filed a supervisory writ of review with the Louisiana Supreme Court, which was denied on November 13, 2017.

On December 20, 2017, LPSB sent counsel for Ms. Cobb a letter and check in the amount of $41,057.14 stating it was "in connection with the outstanding Judgments from August 31, 2009, March 27, 2012, and April 23, 2015 including interest paid through December 22, 2017." The letter further stated, "In addition [to the check], enclosed please find a Satisfaction of Judgments which we ask that

you execute and return to our office for further handling. Please advise immediately if you will not execute the Satisfaction of Judgments and we will seek Court intervention."

In response, on January 8, 2018, counsel for Ms. Cobb requested a breakdown of the amounts paid and advised that he "would like to negotiate the check" but that he has "no plans to execute the Satisfaction of Judgment." On March 16, 2018, LPSB provided the requested breakdown and again requested that Ms. Cobb "execute the Satisfaction of Judgment for these outstanding judgments."

On June 26, 2018, LPSB issued a replacement check to Ms. Cobb due to the fact that the previous check for $41,057.14 had not been negotiated and became stale. On June 29, 2018, LPSB then filed a Motion for Satisfaction of Judgments seeking to have the WCJ declare that "all outstanding amounts have been paid to Claimant [Ms. Cobb] and there is no basis for not having the judgments rendered satisfied." In support of its motion, LPSB attached nine exhibits to prove that the previous judgments had been satisfied.

On July 5, 2018, the WCJ granted LPSB's Motion for Satisfaction of Judgments. On August 3, 2018, Ms. Cobb appealed the granting of LPSB's motion arguing that La.Code Civ.P. art. 963 requires there to be a hearing because the motion was disputed and required supporting proof.

**STANDARD OF REVIEW:**

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.*, 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied*, 02-1164 (La. 6/14/02), 818 So.2d 784 (citations omitted).

3

However, "a legal error by the WCJ presents a question of law, which is reviewed by determining whether the WCJ's ruling is legally right or wrong." *Burke v. Venture Transport Logistics, LLC*, 13-753, p.5 (La.App. 3 Cir. 1/22/14), 131 So.3d 530, 536.

**DISCUSSION:**

The issue before this court is whether the WCJ erred in granting the LPSB's Motion for Satisfaction of Judgments ex parte. Ms. Cobb argues that the LPSB "attached nine exhibits (twenty-seven pages) to its motion in an attempt to prove it paid several judgments rendered against it" and that "[o]bviously, [LPSB's] motion is disputed and will require evidence." In response, LPSB cites to *Allen v. Affordable Home Furnishings*, 13-176 (La.App. 3 Cir. 11/13/13), 130 So.3d 345 and *Derouen v. Wal-Mart Stores, Inc.*, 09-278 (La.App. 3 Cir. 10/7/09), 23 So.3d 389 for the proposition that the WCJ possess the inherent "authority to determine whether the judgments had been satisfied" and "was able to do so without a contradictory hearing." However, after reviewing the two cases cited by LPSB, we agree with Ms. Cobb that they do not "entitle the School Board to an ex parte judgment or even a judgment at all" as the *Derouen* case actually had a contradictory hearing prior to the trial court granting the partial satisfaction of judgment and the parties in the *Allen* case submitted the satisfaction of judgment with the motion to dismiss to the workers' compensation judge and thus, the dismissal itself was not in dispute.

"As a matter of procedural law, a workers' compensation judge may only issue an *ex parte* order in the circumstances set forth in La.Code Civ.P. art. 963[.]" *Pac. Employers Ins. Co. v. Wolff*, 99-648, p.2 (La.App. 3 Cir. 11/3/99), 746 So.2d 782, 782. Louisiana Code of Civil Procedure Article 963 provides (emphasis added):

4

If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.

If the order applied for by written motion is one to which the mover is not clearly entitled, **or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.**

The rule to show cause is a contradictory motion.

Applying the above legal precepts to this case, we find that LPSB should have attached an order to its motion to have the matter set for contradictory hearing before the WCJ, especially in light of the fact that Ms. Cobb failed to negotiate the check for $41,057.14, continued to refuse to sign the satisfaction of judgments, and LPSB's motion required supporting proof for its claim. The trial court's failure to set the matter for contradictory hearing deprived Ms. Cobb of her right to dispute the claim that the judgments had, in fact, been satisfied.

**CONCLUSION:**

Accordingly, the WCJ's judgment granting Lafayette Parish School Board's Motion For Satisfaction of Judgments ex parte is reversed. The matter is hereby remanded to the trial court for a hearing on the Motion For Satisfaction of Judgments filed by Lafayette Parish School Board. All costs of this appeal are to be assessed against Lafayette Parish School Board.

**REVERSED AND REMANDED.**